# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MARCIA SCOTT AND ISRAEL SCOTT (for themselves and as a representative of their minor child), | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 1:19-CV-04330-MHC |
| v. | ) ) | |
| SAFECO INSURANCE COMPANY OF INDIANA, A LIBERTY MUTUAL COMPANY | ) ) ) ) | |
| Defendant. | ) | |

## NOTICE OF SERVICE OF SUBPOENA

Pursuant to F.R.C.P. 45 (b)(1), Defendant will serve a Subpoena for Production of Documents to: Georgia Perinatal Consultants at Northside Women's Center. A copy of said subpoena is attached hereto.

This 20th day of December, 2019.

                                                    ISENBERG & HEWITT, P.C.

                                                    /s/ Hilary W. Hunter
                                                    Brent J. Kaplan
                                                    Georgia Bar No. 406825
                                                    Hilary W. Hunter
                                                    Georgia Bar No. 742696
                                                    600 Embassy Row, Suite 150
                                                    Atlanta, GA  30328
                                                    770-351-4400 (Telephone)
                                                    **Attorneys for Defendant**

## **LOCAL RULE 7.1 CERTIFICATE**

The undersigned counsel hereby certifies that this pleading was prepared with one of the font and point selections approved by the Court in L.R. 5.1.C. Specifically, Times New Roman was used in 14 point.

/s/ Hilary W. Hunter
Brent J. Kaplan
Georgia Bar No. 406825
Hilary W. Hunter
Georgia Bar No. 742696
Isenberg & Hewitt, P.C.
600 Embassy Row, Suite 150
Atlanta, Georgia 30328
770-351-4400 – (T)
**Attorneys for Defendant**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| MARCIA SCOTT AND ISRAEL SCOTT (for themselves and as a representative of their minor child), | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 1:19-CV-04330-MHC |
| v. | ) ) | |
| SAFECO INSURANCE COMPANY OF INDIANA, A LIBERTY MUTUAL COMPANY | ) ) ) ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 20, 2019 she filed a copy of this Notice of Service of Subpoena upon counsel for Plaintiffs via notification through the Court's CM/ECF System.

        ISENBERG & HEWITT, P.C.

        /s/ Hilary W. Hunter
        Hilary W. Hunter
        Georgia Bar No. 742696
        600 Embassy Row, Suite 150
        Atlanta, GA  30328
        770-351-4400 (Telephone)
        **Attorneys for Defendant**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| | |
|---|---|
| Marcia Scott and Israel Scott <br> *Plaintiff* <br> v. <br> Safeco Insurance Company of Indiana, A Liberty Mutual Company <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 1:19-CV-04330-MHC |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Georgia Perinatal Consultants at Northside Women's Center
ATTN: Billing; Perimeter Summit, Northside Customer Service, #150, 1001 Summit Blvd., Atlanta, GA 30319

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached

| Place: Isenberg & Hewitt, PC <br> 600 Embassy Row, Suite 150 <br> Atlanta, GA 30328 | Date and Time: <br> 01/20/2020 1:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/20/2019

*CLERK OF COURT*

_____     OR     _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Safeco Insurance Company of Indiana , who issues or requests this subpoena, are:

Hilary W. Hunter, Isenberg&Hewitt, 600 Embassy Row, #150, Atlanta 30328; hilary@isenberg-hewitt.com; 770-351-4400

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT TO SUBPOENA TO PRODUCE DOCUMENTS

As used herein, the term "document" shall mean the original of every writing or record of every type and description that is in the possession, custody or control of Georgia Perinatal Consultants, including, without limitation or exception, all correspondence (including all correspondence and/or reports to and from any attorneys), memoranda, all portions of file folders and/or jackets, stenographic and handwritten notes, studies, publications, books, pamphlets, voice recordings, reports, minutes, telegrams, facsimiles, memoranda or agreements, diaries, calendars, invoices, bills, summaries, checks, drafts, employment contracts, medical records, and all other records or writings. The request includes every copy of such document whether or not the original is in Plaintiff's possession, custody or control. Any document bearing on any side thereof any marks such as (but not limited to) initials, stamped indicia, comments or notations, of any character and not a part of the original text or photographic reproduction thereof, is to be considered and produced as a separate document.

The documents to be produced are:

(a)     Copies of **ALL** narratives of medical procedure or treatment, doctors' notes, nurses' notes, chiropractic notes, physical therapy notes, travel cards, progress notes, x-ray reports, diagnostic reports, insurance forms, all portions of file folders and or/jackets, patient information questionnaires or other similar documents (regardless of whether they may be labeled "confidential"), bills, correspondence and any other documents regarding **ALL** treatment rendered to Hannah Scott, **ANY** injury, sickness, event, accident, incident or otherwise.

(b)     **ALL** bills for treatment provided to Hannah Scott and any record showing who paid said bills.

(c)     **ANY** key, chart, ledger or other document which describes the billing codes used by you or your accounting system to describe the treatment rendered Hannah Scott on said bills.