IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **MARCIA SCOTT AND ISRAEL SCOTT (for themselves and as a representative of their minor child),** | |
| | **JURY TRIAL DEMANDED** |
| **Plaintiff,** | |
| **vs.** | **CIVIL ACTION FILE NO.: 1:19-cv-04330-LMM** |
| **SAFECO INSURANCE COMPANY OF INDIANA, A LIBERTY MUTUAL COMPANY, AND SHILAN PARHAM** | |
| **Defendant.** | |

## PLAINTIFFS' RESPONSE TO DEFENDANT SHILAN PARHAM'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

### I.   FACTS

1.

This case arises from an automobile accident that occurred on August 31, 2017 when Plaintiffs were injured by the at-fault driver, Shilan Parham, who rear ended them. Plaintiffs originally brought this lawsuit to seek recovery on the above

referenced matter against their underinsured motorist insurer, Safeco Insurance Company of Indiana, A Liberty Mutual Company (Safeco) for negligent failure to settle claims and negligent hiring, training and supervision concerning the handling of policy-limits demands.  After review of the representations made by the original defendant Safeco that referenced O.C.G. A. §9-11-19 (failure to join necessary party Shilan Parham) and O.C.G.A. §33-7-11(j) (requiring a Plaintiff to obtain a judgment against the underinsured Parham to recover against the insurer Safeco) (Dkt. No. [2]), it became clear that without the addition of the individual additional defendant tort-feasor Shilan Parham as a party defendant, complete relief will not be granted.

2.

On August 23, 2019, Plaintiff filed a lawsuit against Safeco in Gwinnett County State Court and served defendant Shilan Parham's attorney with notice of the lawsuit Dkt. No. [1] at 11. As the complete docket shows, defendant Shilan Parham's attorney has received notice of all filings in this case.

3.

On September 26, 2019, Defendant Safeco filed a Notice of Removal to The United States District Court for the Northern District of Georgia, Atlanta Division

based on federal diversity in which Defendant Shilan Parham's attorney was served with notice. Dkt. No. [1].  Following further review of the documents and statements made by the defendant uninsured insurance carrier Safeco (Dkt. No. [2]), it was  determined not only that the individual defendant Shilan Parham was personally liable to the Plaintiff based on her being the tort-feasor in the August 31, 2017 automobile accident but that it was necessary to join her, individually, as a Defendant.

4.

On November 18, 2019, Plaintiff filed a Motion for Leave To Add Party Defendant and Brief in Support of Motion For Leave to Add Party Defendant Shilan Parham pursuant to Fed. R. Civ. P. 19(a)(1)(A), Fed. R. Civ. P. 15(c)(1)(B) and Fed. R. Civ. P. 15(c)(1)(C). Defendant Shilan Parham's attorney received service of this filing. Dkt. No. [8].

5.

On November 18, 2019 Plaintiff filed a Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons on Shilan Parham. Defendant Shilan Parham and her attorney received service of this filing. Dkt. No. [10]. However, a response from defendant Shilan Parham was not received.

3

6.

On December 9, 2019 Plaintiff's Motion for Leave to Add Party Defendant

Shilan Parham was GRANTED as unopposed. Dkt. No. [22].

7.

On December 12, 2019, Plaintiff served an Affidavit of Compliance for

Non-Resident Motorist Statute Service on defendant Shilan Parham, her attorney

and The Georgia Secretary of State. Dkt. Nos. [27,28]. However, Shilan Parham

did not accept the certified mail with return receipt requested.

8.

On December 26, 2019, The Georgia Secretary of State filed its Certificate of

Acknowledgment of service of process upon Shilan Parham. Dkt. Nos. [30,31].

9.

On December 18, 2019, The State of North Carolina Sheriff's Service was

made on defendant Shilan Parham (Dkt. No. [30]) after Plaintiff had to order skip

tracing services to locate defendant Shilan Parham after defendant Shilan Parham

refused Waiver of Service of Process and The Affidavit of Compliance for Non-Resident Motorist Statute Service.

10.

In addition, on December 20, 2019, defendant Shilan Parham was also served by private process server Premier Process Server (Dkt. [30]).

11.

On January 7, 2019, defendant Shilan Parham filed a Motion to Dismiss alleging that "plaintiffs did not seek to add defendant Shilan Parham until after the applicable statute of limitations had expired. Dkt. Nos. [34]; [34-1].

12.

Following the February 13, 2020 hearing, the Court denied without prejudice defendant Parham's Motion To Dismiss on the basis that "Plaintiffs bring no claims, negligence or otherwise against Parham" and that "If Plaintiffs intend to amend their Complaint, they are directed to file a Motion for Leave To Amend by February 27, 2020. Dkt. No. [43].

13.

On February 27, 2020, Plaintiffs filed a Motion for Leave to Amend Complaint to Add Claims Against Defendant Shilan Parham. Dkt. Nos. [46]; [46-1].

14.

On April 6, 2020, the Court granted Plaintiffs' Motion for Leave to Amend Complaint and directed Plaintiffs to file their First Amended Complaint consistent with the Order within fourteen (14) days. Dkt. No. [54].

15.

On April 7, 2020, Plaintiffs received an electronic service copy of the Order directing Plaintiffs to file their First Amended Complaint consistent with the Order within fourteen (14) days. Exhibit A- Electronic Service Record.

16.

On April 21, 2020, consistent with the fourteen (14) days granted by the Court Order that was signed on April 6, 2020 and electronically served to Plaintiffs on April 7, 2020, Plaintiffs filed their First Amended Complaint with Leave of the Court. Dkt. No. [56].

## II.   ARGUMENT AND CITATION OF AUTHORITY

### A.   Plaintiffs' Claims of Personal Injury to Marcia Scott and Israel Scott are Not Barred by the Statute of Limitations Because They Relate Back to the Date of the Original Complaint.

Plaintiffs' injuries occurred on August 31, 2017. On August 23, 2019, Plaintiffs filed a lawsuit pursuant to O.C.G.A. § 9-3-33, within the original two-year statute of limitations against Safeco in Gwinnett County State Court and served defendant Shilan Parham's attorney with notice of the lawsuit. Dkt. No. [1] at 11. This lawsuit alleged negligence and raised claims of personal injury against Shilan Parham. Dkt. No. [1] at 12 ¶ 4,5. However, after review of the documents and representations made by the original defendant Safeco (Dkt. No. [2]), it became clear that without the addition of the individual additional defendant tort-feasor Shilan Parham as a party defendant, complete relief would not be granted.

Because of a mistake in identifying Shilan Parham as the proper defendant, Plaintiffs did not seek to add Shilan Parham as a defendant until November 8, 2019 under  Fed. R. Civ. P. 15(c)(1)(B) and Fed. R. Civ. P. 15(c)(1)(C) that allows an amendment to the pleading to add a defendant to relate back to the date of the

original pleading. On December 9, 2019 Plaintiff's Motion for Leave to Add Party Defendant Shilan Parham was GRANTED as unopposed (Dkt. No. [22]). Plaintiffs' claims of personal injury are not barred by the statute of limitations because they relate back to the date of the original complaint. Also, Plaintiffs' claims for loss of consortium have a four-year statute of limitations.

B.   **Plaintiffs' Claims for Medical Expenses for Treatment for Their Minor Child are Not Barred by the Statute of Limitations Because They Relate Back to the Date of the Original Complaint**

For the same  reasons stated above in part A that  Plaintiffs' claims of personal injury are not barred by the statute of limitations because they relate back to the date of the original Complaint; Plaintiffs' Claims for  Medical Expenses  of their minor are not barred by the statute of limitations because they also relate back to the original Complaint pursuant to Fed. R. Civ. P. 15(c)(1)(B) and Fed. R. Civ. P. 15(c)(1)(C).

Also, "the provisions of OCGA § 9-3-90 toll the statute of limitation with regard to the child, allowing [her] to bring the claim for medical expenses in [her] own name, by next friend, at any time up to two years after the removal of [her] disability…as plaintiff may maintain an action in [her] own name for medical

expenses incurred after reaching the age of majority, the tolling provisions of OCGA § 9-3-90 are applicable to this portion of plaintiff's claim." Rose v. Hamilton Medical Center, Inc., 361 S.E.2d 1, 184 Ga.App. 182 (Ga. App. 1987).

**C.    Plaintiffs' Amended Complaint Adding Shilan Parham as a Party Defendant is Not Barred by The Statute of Limitations Because it Does Relate Back to the Date of the Original Complaint**

**i.    RULE OF LAW**

Under Fed. R. Civ. P. 15(c)(1)(B) and Fed. R. Civ. P. 15(c)(1)(C) this amendment to the pleading to add defendant Shilan Parham as a defendant relates back to the date of the original pleading because:

 (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

**ii.**	**Under Fed. R. Civ. P. 15(c)(1)(B) this amendment to the pleading relates back to the date of the original pleading because: the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.**

Here, the order granting permission to add claims against Shilan Parham as a defendant is valid because the claims of negligence against the at fault driver and tort feasor Shilan Parham arose out of the very same automobile accident that gives rise to Plaintiff's uninsured motorist claim against uninsured motorist carrier Safeco that was set out in the original pleading.

**iii.**	**Under Fed. R. Civ. P. 15(c)(1)(C) this amendment to the pleading relates back to the date of the original pleading because: the amendment changes the party or the naming of the party against**

**whom a claim is asserted,  Rule 15(c)(1)(B) is satisfied and, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits**

In this case, defendant Shilan Parham, within the period provided by Rule 4(m), for serving the summons and complaint, received such notice of the action that she will not be prejudiced by defending on the merits. Rule 4(m) provides for a complaint to be served on a Defendant within 90 days of when the complaint is filed [in federal court]. Here, the complaint was filed in federal court on September 26, 2019. Therefore, Defendant was able to be served within 90 days of September 26, 2019, that is December 25, 2019, to meet the requirements of Rule 4(m). Defendant Shilan Parham was served on December 18, 2019 and December 20, 2019 (Dkt. No. [30]). In addition, Defendant Shilan Parham's attorney was served within the original statute of limitations on August 23, 2019 with notice of the original complaint that alleged negligence against Shilan Parham. Dkt. No. [1] at 12 ¶ 4,5.

Similar to facts in <u>Kuria v. Palisades Acquisition Xvi LLC</u>, here counsel for defendant Shilan Parham received immediate actual notice to the proper defendant that she should have been named in the lawsuit but for Plaintiff's mistake <u>Kuria v. Palisades Acquisition Xvi Llc, 752 F.Supp.2d 1293 (N.D. Ga. 2010).</u>  Further, defendant Shilan Parham can show no prejudice because her counsel was on notice of the lawsuit from the time of filing the original complaint. Defendant Shilan Parham received such notice of the action that she will not be prejudiced in defending on the merits.

**iv.** **Under Fed. R. Civ. P. 15(c)(1)(C)(ii) this amendment to the pleading relates back to the date of the original pleading because defendant Shilan Parham  knew or should have known that the action would have been brought against her, but for a mistake concerning the proper party's identity.**

In <u>Kuria v. Palisades Acquisition</u>, the court reasoned under <u>Krupski v. Costa Crociere S. P. Angeles, 560 U.S. 538, 130 S.Ct. 2485, 177 L.Ed.2d 48 (2010)</u> that "The question under Rule 15(c)(1)(C)(ii) is not whether [plaintiff] knew or should have known …[defendant's ] identity as the proper defendant, but whether defendant  knew or should have known during the Rule 4(m) period that it would

have been named as the defendant but for an error…The Rule [15(c)(1)(C)] plainly

sets forth an exclusive list of requirements for relation back, and the plaintiff's

diligence is not among them. <u>Kuria v. Palisades Acquisition Xvi Llc, 752</u>

<u>F.Supp.2d 1293 (N.D. Ga. 2010).</u>


On August 23, 2019, when defendant Shilan Parham's attorney received

notice of the original complaint that alleged negligence against Shilan Parham

(Dkt. No. [1] at 12 ¶ 4,5) she knew or should have known that the action would

have been brought against her but for a mistake concerning the proper party's

identity. Plaintiff mistakenly did not identify Shilan Parham as a proper party

defendant and did not become aware of the mistake until defendant Safeco pointed

out the mistake with O.C.G. A. §9-11-19 (failure to join necessary party Shilan

Parham) and O.C.G.A. §33-7-11(j) (requiring a Plaintiff to obtain a judgment

against the underinsured Parham to recover against the insurer Safeco). Dkt. No.

[2].

In <u>Seegars v. Adcox</u>, the court reasoned that "The purpose of the rule [15(c)]

was to allow for relation back 'only if the change is the result of an error, such as a

misnomer or misidentification… and that Plaintiffs did not merely misname or

misidentify Adcox and Hanchey; rather, Plaintiffs lacked knowledge of which officers were involved in the stop. This lack of knowledge is due to Plaintiffs' less than spirited attempt to obtain the identities of the officers… Accordingly, Plaintiffs' claims against Adcox andHanchey are barred because "an amended complaint replacing a `John Doe' defendant with that defendant's correct name does not relate back under Rule 15(c)(3)." <u>Seegars v. Adcox, 258 F.Supp.2d 1370 (S.D. Ga. 2002).</u>

Unlike the Plaintiffs in <u>Seegars v. Adcox,</u> Plaintiffs in the instant case did have knowledge of the identity of Shilan Parham and did not list Shilan Parham as a John Doe. Here, relation back is allowed because the change to add Shilan Parham as a party defendant was done to correct a mistake of misidentification of the correct party to bring suit against; and defendant Parham knew or should have known that the action would have been brought against her but for a mistake.

**v.      Whether a mistake of fact or a mistake of law, Under Fed. R. Civ. P. 15(c)(1)(C)(ii) this amendment to the pleading relates back to the date of the original pleading because defendant Shilan Parham  knew or should have known that the action would have**

**been brought against her but for a mistake concerning the proper party's identity.**

In Krupski v. Costa Crociere S. P. Angeles, the Supreme Court of the United States "h[e]ld that relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." The Court reasoned that "it would be error to conflate knowledge of a party's existence with the absence of mistake" while indicating that "A mistake is "[a]n error, misconception, or misunderstanding; an erroneous belief." Black's Law Dictionary 1092 (9th ed.2009); see also Webster's Third New International Dictionary 1446 (2002) (defining "mistake" as "a misunderstanding of the meaning or implication of something"; "a wrong action or statement proceeding from faulty judgment, inadequate knowledge, or inattention"; "an erroneous belief"; or "a state of mind not in accordance with the facts")." Krupski v. Costa Crociere S. P. Angeles, 560 U.S. 538, 130 S.Ct. 2485, 177 L.Ed.2d 48 (2010).

In the case at issue, Plaintiffs mistakenly did not add Shilan Parham as a captioned defendant to the original complaint because of misunderstanding; faulty

judgment; inadequate knowledge; inattention; erroneous belief; and a state of mind not in accordance with the facts that required Parham's necessary joinder.

"Making a deliberate choice to sue one party instead of another while fully understanding the ***factual and legal differences*** between the two parties is the antithesis of making a mistake concerning the proper party's identity." Id. In the case at issue, Plaintiffs did not make a deliberate choice not to add Shilan Parham as a defendant to the original complaint. The mistake was made because Plaintiffs did not fully understand the legal differences between the proper Defendants, Safeco and Parham.

"The reasonableness of the mistake is not itself at issue… a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression. That kind of deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied." Id.

The Krupski Court went on to explain that its "reading is also consistent with the history of Rule 15(c)(1)(C):

"That provision was added in 1966 to respond to a recurring problem in suits against the Federal Government, particularly in the Social Security context. Advisory Committee's 1966 Notes 122. Individuals who had filed timely lawsuits challenging the administrative denial of benefits often failed to name the party identified in the statute as the proper defendant—the current Secretary of what was then the Department of Health, Education, and Welfare— and named instead the United States; the Department of Health, Education, and Welfare itself; the nonexistent "Federal Security Administration"; or a Secretary who had recently retired from office. Ibid. By the time the plaintiffs discovered their mistakes, the statute of limitations in many cases had expired, and the district courts denied the plaintiffs leave to amend on the ground that the amended complaints would not relate back. Rule 15(c) was therefore "amplified to provide a general solution" to this problem. It is conceivable that the Social Security litigants knew or reasonably should have known the identity of the proper defendant either because of documents in their administrative cases or by dint of the statute setting forth the

filing requirements. See 42 U.S.C. § 405(g) (1958 ed., Supp. III).
Nonetheless, the Advisory Committee clearly meant their filings to
qualify as mistakes under the Rule." Id.

As shown in Krupski, even though it was conceivable that the Social
Security litigants knew or reasonably should have known the identify of the proper
defendants because of the statutory filing requirements, the Advisory Committee
intended for their filings to qualify as mistakes under the Rule. Similarly, Plaintiffs
in the case here are Insurance litigants that reasonably should have known the
identity of the proper defendants because of the statutory filing requirements,
however,  the Advisory Committee intended that their filing mistake qualifies as a
mistake under the Rule.

Also see Williams v. Lanese (D. Conn. 2016) ("Courts in this circuit,
however, have generally limited this rule to cases where the original complaint was
clearly not legally sufficient without the new defendants, thus giving them notice
that the plaintiff's failure to name them was due to a misunderstanding of law.") In
this case at issue here, Plaintiffs' claims are not legally sufficient without
defendant Parham and Plaintiffs' failure to name her in the original complaint was
due to a misunderstanding of the law.

Also see <u>Readus  v.  Dercola (N.D. Ill. 2012)</u> ("Because of the identity of interest between the officers and the City, Rule 15(c)(1)(B) may be fairly read to allow relation back of an additional claim arising out of the same occurrence and failure to name the City in the original pleading was a mistake of law.").  In the case at issue here, there is an identity of interest between defendant Insurance company Safeco and defendant underinsured Parham pursuant to 33-7-11(j) and failure to name defendant Parham in the original complaint was a mistake of law.

Also see <u>Stedam v. Cumberland Cnty. (M.D. Tenn. 2019)</u>  ("Rather, '[a] 'mistake,' as the term is used in Rule 15(c)(1)(C), occurs [not only] where the wrong party is blamed while the real culprit remains unknown, [but] also where the plaintiff has full knowledge of all relevant actors but lists the technically incorrect parties…holding that district court was 'wrong' to conclude that mistakes under Rule 15(c) do not include "a lawyer's mistake of law" in naming defendants.").

The amendments to the pleading to add Parham as a defendant and to add claims against Parham relate back to the original pleading because whether a mistake of law or a mistake of fact concerning the proper party's identity, defendant Shilan Parham  knew or should have known that the action would have been brought against her.

"Statutes of limitations are designed to ensure that parties are given formal and seasonable notice that a claim is being asserted against them. Rule 15(c) is based on the idea that a party who is notified of litigation concerning a given transaction or occurrence is entitled to no more protection from statutes of limitations than one who is informed of the precise legal description of the rights sought to be enforced. If the original pleading gives fair notice of the general fact situation out of which the claim arises, the defendant will not be deprived of any protection which the state statute of limitations was designed to afford him. Being able to take advantage of plaintiff's pleading mistakes is not one of these protections." Sam Finley, Inc. v. Interstate Fire Ins. Co., 217 S.E.2d 358, 135 Ga.App. 14 (Ga. App. 1975).

### D.   Plaintiffs' First Amended Complaint was Filed with Leave of the Court

On April 6, 2020, the Court granted Plaintiffs' Motion for Leave to Amend Complaint and directed Plaintiffs to file their First Amended Complaint consistent with the Order within fourteen (14) days. Dkt. No. [54]. Different from defendant Parham's interpretation, the Order was not conditioned on Plaintiffs filing their first amended Complaint on or before April 20, 2020, but within fourteen (14) days of the Order. On April 7, 2020, Plaintiffs received an electronic service copy of the

Order directing Plaintiffs to file their First Amended Complaint consistent with the Order within fourteen (14) days. Exhibit A- Electronic Service Record. On April 21, 2020, consistent with the fourteen (14) days granted by the Court Order that was signed on April 6, 2020 and electronically served pursuant to Fed. R. Civ. P. 5(b)(2)(E) to Plaintiffs on April 7, 2020, Plaintiffs filed their First Amended Complaint with Leave of the Court. Dkt. No. [56].

WHEREFORE, Plaintiffs respectfully request that the Court deny Defendant Shilan Parham's Motion to Dismiss Plaintiffs' First Amended Complaint and that this case may proceed to be heard on the merits

Respectfully submitted, This 19th day of May 2020.

LAW OFFICE OF J. SCOTT GOZA, LLC
By: ___/s/ Jamillah Goza_____
Jamillah Goza
Georgia Bar No. 455213
Attorney for Plaintiffs

3775 Stagecoach Pass
Ellenwood, Georgia 30294
770-203-8513
Fax: 678-884-6437
jamillahgoza@yahoo.com

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1C. This brief has been prepared in Times New Roman font, 14 point.

By:   /s/ Jamillah Goza
Jamillah Goza
Georgia Bar No. 455213
Attorney for Plaintiffs

3775 Stagecoach Pass
Ellenwood, Georgia 30294
770-203-8513
Fax: 678-884-6437
jamillahgoza@yahoo.com

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **MARCIA SCOTT AND ISRAEL SCOTT (for themselves and as a representative of their minor child),** | |
| | **JURY TRIAL DEMANDED** |
| **Plaintiff,** | |
| **vs.** | **CIVIL ACTION** |
| | **FILE NO.: 1:19-cv-04330-LMM** |
| **SAFECO INSURANCE COMPANY OF INDIANA, A LIBERTY MUTUAL COMPANY, AND SHILAN PARHAM** | |
| **Defendant.** | |

## CERTIFICATE OF SERVICE

This is to certify that on this 19th day of May 2020 I electronically filed the foregoing

**PLAINTIFFS' RESPONSE TO DEFENDANT SHILAN PARHAM'S**

**MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

with the Clerk of Court using CM/ECF system, which will automatically send e-mail notification of such filing to the following:

Hilary W. Hunter, Esq.
Brent J. Kaplan, Esq.
600 Embassy Row, Suite 150
Atlanta, GA 30328
hilary@isenberg-hewitt.com
bjkaplan@isenberg-hewitt.com

Marcia S. Freeman, Esq.
Matthew J. Hurst, Esq.
Waldon Adelman Castilla Heistand & Prout
900 Circle 75 Parkway, #1040
Atlanta, GA 30339
mfreeman@wachp.com
mhurst@wachp.com

**LAW OFFICE OF J. SCOTT GOZA, LLC**
By:  /s/ Jamillah Goza
Jamillah Goza
Georgia Bar No. 455213
Attorney for Plaintiffs

3775 Stagecoach Pass
Ellenwood, Georgia 30294
770-203-8513
Fax: 678-884-6437
jamillahgoza@yahoo.com