IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| MARCIA SCOTT, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:19-CV-04330-LMM |
| | : | |
| SAFECO INSURANCE COMPANY OF INDIANA, A LIBERTY MUTUAL COMPANY, *et al.*, | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

This case comes before the Court on Defendant Shilan Parham's Motion to Dismiss [70]. After a hearing and due consideration, the Court enters the following Order:

### I.   BACKGROUND

This action arises out of a motor vehicle accident that occurred on August 31, 2017. Dkt. No. [1] at 12.[1] Defendant Shilan Parham was the driver of the motor vehicle that rear-ended Plaintiffs and was insured by Defendant Safeco Insurance Company of Indiana, A Liberty Mutual Insurance Company ("Safeco"). Id. at 11–13. On August 23, 2019, Plaintiffs brought suit against Safeco in the State Court

---

[1] As set out below, Plaintiffs have failed to file a complete version of their Amended Complaint on the docket. See Dkt. Nos. [54; 56]. The Court therefore refers to Plaintiffs' original Complaint to cite the operative facts of this action.

of Gwinnett County, Georgia, alleging that Safeco was negligent in failing to settle and negligent in hiring, training, and supervising its "employees concerning the handling of policy-limits demands." Id. Plaintiffs brought no claims against Parham at that time, although they stated in their Complaint that she was the driver of the vehicle. See id.

On September 26, 2019, Safeco removed this action to this Court. Id. at 1. On November 18, 2019, Plaintiffs moved to add Parham as a Defendant but did not seek to add any claims, negligence or otherwise, against Parham. See Dkt. No. [8]. The Court granted Plaintiffs' Motion to Add Party as unopposed on December 9, 2019. Dkt. No. [22]. On January 7, 2020, Parham moved to dismiss Plaintiffs' claims against her on the basis that they are barred by the statute of limitations. See Dkt. Nos. [34; 34-1]. After a hearing on the Motion to Dismiss, the Court denied Parham's Motion without prejudice on February 13, 2020. Dkt. No. [43]. The Court did so because, at that time, Plaintiffs brought no claims possible to dismiss against Parham. See id.; see also Dkt. No. [1] at 12–13 (raising two Counts against Safeco but not raising any Counts against Parham).

On February 27, 2020, Plaintiffs moved for leave to amend their Complaint to add claims of negligence against Parham. Dkt. No. [46]. The Court granted Plaintiffs' Motion for Leave to Amend on April 6, 2020 and ordered Plaintiffs to file their Amended Complaint by April 20, 2020. Dkt. No. [54]. Plaintiffs failed to comply with the Court's Order, filing their Amended Complaint on April 21,

2020.[2] Dkt. No. [56]. Plaintiffs also failed to file a complete version of their Amended Complaint on the docket in accordance with the Court's Order. See id. At this time, therefore, the Court is without an operative complaint that encompasses all of Plaintiffs' claims against all Defendants. See generally Dkt. Further, the Court also notes that, at this time, the parties have begun discovery. Plaintiffs Marcia and Israel Scott were deposed on February 3, 2020, Dkt. Nos. [39; 40], and the parties have served several subpoenas seeking information relevant to this case, Dkt. Nos. [47; 48; 49; 57; 58; 59; 60; 61; 62] (notices of subpoenas by Safeco); Dkt. Nos. [78; 79] (notices of interrogatories sent by Plaintiffs to Defendants).

Parham now moves to dismiss Plaintiffs Marcia and Israel Scotts' (collectively, "the Scotts") claims against her on the basis that they are barred by the statute of limitations. Dkt. No. [70-1] at 4–5; see also O.C.G.A. § 9-3-33. Parham also seeks to dismiss the Scotts' claims for recovery of medical expenses on behalf of their minor child on that same basis. Dkt. No. [70-1] at 5.[3] In response, the Scotts contend that their claims against Parham are timely because

---

[2] At the hearing before the Court, Plaintiffs asserted that under Federal Rule of Civil Procedure 12, the deadline for filing their Amended Complaint was based on when they received *notice* of the Court's Order. As the Court explained to Plaintiffs at hearing, Rule 12 governs the time for filing responsive pleadings, not orders of the Court. See Fed. R. Civ. P. 12(a).

[3] The Court notes that Parham does not seek to dismiss the Scotts' other claims on behalf of their minor child. See Dkt. No. [70-1] at 4; O.C.G.A. § 9-3-90.

they "relate back" to the filing of their original Complaint under Federal Rule of Civil Procedure 15(c)(1)(C). See Dkt. No. [75] at 9–21.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While this pleading standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id. (citing Twombly, 550 U.S. at 556).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." FindWhat Inv'r Grp. v. FindWhat.com, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006)). However, this principle does not apply to legal conclusions set forth in the complaint. Iqbal, 556 U.S. at 678.

### III. DISCUSSION

Parham seeks to dismiss the Scotts' claims against her on the basis that they were brought over two years after the accident occurred. Dkt. No. [70] at 4. In support of this argument, Parham explains that Georgia's statute of limitations is two years for personal injury claims, and the Scotts brought their claims against her on April 21, 2020, although the motor vehicle accident occurred on August 31, 2017. Id. at 4–5; see also O.C.G.A. § 9-3-33. The Scotts do not dispute that their claims against Parham were filed outside of the statute of limitations. See Dkt. No. [75]. Instead, the Scotts assert that their claims against Parham "relate back" to the filing of the original Complaint under Rule 15(c)(1)(C) and are thus timely. Id. at 9–21.

Under Rule 15(c)(1)(C), an amendment to a pleading relates back to the date of the original pleading when:

> [T]he amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied[4] and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

---

[4] Parham does not dispute that the requirements of Rule 15(c)(1)(B) have been met here. See Dkt. No. [70].

Fed. R. Civ. P. 15(c)(1)(C). Rule 15 applies to situations where an amended complaint is filed after the statute of limitations has run, like the situation presented before the Court here.

First, the Scotts argue that their claims against Parham relate back because they made a mistake about Parham's identity. Dkt. No. [75] at 13–14. In Krupski v. Costa Crociere S. p. A., 560 U.S. 538 (2010), the Supreme Court clarified the requirements for a "mistake" under Rule 15(c)(1)(C). Id. at 549–552. There, the plaintiff mistakenly sued one business entity, Costa Cruise Lines, instead of the proper party, Costa Crociere S. p. A. ("Costa Crociere"). Id. at 543. Holding that the plaintiff made a "mistake" within the meaning of Rule 15(c)(1)(C), the Supreme Court explained that the plaintiff misunderstood Costa Cruise Lines's "status or role in the events giving rise to the claim at issue, . . . [and] mistakenly [chose] to sue [Costa Cruise Lines] based on that misimpression." Id. at 549. Thus, because the Krupski plaintiff made an error concerning the proper party's identity, as opposed to "a fully informed decision" to omit one defendant from the lawsuit, the Supreme Court held that the plaintiff made a "mistake" under Rule 15(c)(1)(C). Id. at 552.

Here, the Scotts did not make a mistake of identity as set forth in Krupski when they failed to name Parham as a defendant. In their original Complaint, the Scotts stated that they were "injured in an automobile accident where they were rear ended by the at fault driver, Shilan Parham." Dkt. No. [1] at 12. Thus, at the time the Scotts brought this lawsuit, they knew of Parham's exact role as the

6

driver and Safeco's insurance coverage of her. See Krupski, 560 U.S. at 549. The Scotts' choice not to sue Parham was therefore "the result of a fully informed decision as opposed to a mistake concerning [Parham's] identity." Id. at 552; cf. Kuria v. Palisades Acquisition XVI, LLC, 752 F. Supp. 2d 1293, 1305 (N.D. Ga. 2010) (finding that the plaintiff made a mistake under Rule 15(c)(1)(C) when the "incorrectly named defendant was the same person as . . . the correctly named defendant"). For this reason, the Scotts have failed to establish a mistake of identity under Rule 15(c)(1)(C).

In some respects, the Scotts concede this conclusion because they also assert that they made a "mistake of law" when they failed to name Parham as a defendant. Dkt. No. [75] at 16–18. Essentially, the Scotts explain that they did not understand Georgia law's requirement that they must first obtain a negligence judgment against the underinsured motorist—here, Parham—before they could recover against Safeco. See id.; see also O.C.G.A. § 33-7-11(j) ("The question of bad faith, the amount of the penalty, if any, and the reasonable attorney's fees, if any, shall be determined in a separate action filed by the insured against the insurer after a judgment has been rendered against the uninsured motorist in the original tort action."). The Scotts thus assert that their misunderstanding of Georgia law establishes a "mistake" under Rule 15(c)(1)(C).

The Eleventh Circuit has not recognized a mistake of law as a "mistake" under Rule 15(c)(1)(C), and several district courts to have addressed this issue within the Eleventh Circuit have specifically rejected it. See, e.g., Stewart v.

7

Bureaus Inv. Grp., LLC, 309 F.R.D. 654, 662 (M.D. Ala. 2015) (finding that the plaintiff did not make a "mistake" under Rule 15(c)(1)(C) when she misunderstood the liability requirements under the Fair Debt Collection Practices Act); Nobles v. Rural Cmty. Ins. Servs., 303 F. Supp. 2d 1279, 1287 (M.D. Ala. 2004) ("Thus, their 'mistake' was a mistake in legal judgment, not a mistake in the naming of the party, and thus it is not covered by Rule 15(c).")

Nonetheless, the Court recognizes that the Sixth and Second Circuits have held that a mistake of law can be a "mistake" under Rule 15(c)(1)(C). See, e.g., Black-Hosang v. Ohio Dep't of Public Safety, 96 F. App'x 372, 375–76 (6th Cir. 2004); Soto v. Brooklyn Corr. Facility, 80 F.3d 34, 35–36 (2d Cir. 1996). But these circuits have done so only where the plaintiff sued the *incorrect* defendant due to a misunderstanding of the law, as opposed to an *additional* defendant necessary for relief. See id. For example, in Black-Hosang, the plaintiff brought a claim under 18 U.S.C. § 1983 and erroneously sued the State of Ohio Department of Public Safety—an entity who is entitled to sovereign immunity—instead of the individual police officer that arrested her. 96 F. App'x at 373. The Sixth Circuit held that the plaintiff established a "mistake" under Rule 15(c)(1)(C) because she misunderstood which entity to sue for recourse as a matter of law. See id. at 376–77. Likewise, in Soto, the Second Circuit held that the plaintiff's erroneous naming of the correctional facility, as opposed to the individual correctional officers, in a § 1983 action was an excusable mistake. 80 F.3d at 36–37. Relying on the Advisory Committee Notes to the Federal Rules of Civil Procedure, the

Second Circuit noted that Rule 15(c)(1)(C) was intended to protect plaintiffs who "mistakenly name[] institutional instead of individual defendants" when bringing their claims. See id. at 35–36.

The Court finds that the Scotts' mistake of law theory does not provide them with an avenue for relief. First and foremost, the Court rejects the Scotts argument that a mistake of law establishes a cognizable "mistake" under Rule 15(c)(1)(C) on the basis that the Eleventh Circuit has not recognized such exception and district courts within the Eleventh Circuit have specifically rejected it. See Stewart, 309 F.R.D. at 662; Nobles, 303 F. Supp. 2d at 1287. Second, the Scotts' mistake of law does not meet the situations in Black-Hosang and Soto. Unlike those cases, the Scotts did not name the incorrect defendant in lieu of the correct one due to a misunderstanding of § 33-7-11(j). See Black-Hosang, 96 F. App'x at 373–77; Soto, 80 F.3d at 36–37; see also Krupski, 560 U.S. at 550–51 (explaining that, in the context of Social Security benefits, Rule 15(c)(1)(C)'s mistake provision was intended to allow plaintiffs to amend their complaints when they sued the incorrect government entity). Instead, they omitted Parham has a defendant and seek to bring claims against her *in addition to* those against Safeco. See Lovelace v. O'Hara, 985 F.2d 847 (6th Cir. 1993) (holding that the plaintiff failed to establish a mistake of law where she chose to sue a defendant in his official capacity instead of his individual capacity because there was no "mistaking concerning . . . identity" under Rule 15). The Scotts' mistake of law involves no misunderstanding of Safeco's legal role but rather a failure to

9

properly understand the requirements for a bad faith claim under Georgia law. This is not the type of mistake of law that would meet Rule 15(c)(1)(C) under Black-Hosang or Soto.

Indeed, the Court's reading of Rule 15(c)(1)(C) supports this conclusion. The plain language of Rule 15(c)(1)(C) does not encompass just any mistake. It specifically requires a "mistake *concerning the proper party's identity*." Fed. R. Civ. P. 15(c)(1)(C)(ii) (emphasis added). As a matter of plain language, then, Rule 15 "include[s] only 'wrong party' cases, not 'additional party' cases." In re Vitamin C Antitrust Litig., 995 F. Supp. 2d 125, 129 (E.D.N.Y. 2014) (holding that the plain language of Rule 15(c)(1)(C) does not include situations where the plaintiff "simply neglected to sue another defendant who might also be liable" because that mistake involves no misunderstanding of identity). The Scotts' failure to understand the law about needing to sue the negligent driver is not a mistake of identity under a clear reading of Rule 15(c)(1)(C).

Because the Scotts did not make a mistake under Rule 15(c)(1)(C), the Court finds that the Scotts' claims against Parham are untimely. As a result, the Court **GRANTS** Parham's Motion to Dismiss [70] and **DISMISSES** the Scotts' claims against her. Further, because under Georgia law, the two-year statute of limitation for personal injury claims applies equally to a parent's claims for a minor's medical expenses, see Mujkic v. Lam, 804 S.E.2d 706, 708 (Ga. Ct. App. 2017), the Court also **DISMISSES** the Scotts' claims for medical expenses on

behalf of their minor child. The Scotts' remaining claims against Parham on behalf of their minor child are not dismissed by this Order.

## IV. CONCLUSION

In light of the foregoing, Defendant Shilan Parham's Motion to Dismiss [70] is **GRANTED** and Plaintiffs Marcia and Israel Scotts' claims, including their claims for medical expenses on behalf of their minor child, against Shilan Parham are **DISMISSED**. Plaintiffs' other claims against Shilan Parham on behalf of their minor child are not dismissed. Further, Plaintiffs are **ORDERED** to file a complete version of their Amended Complaint on the docket within **fourteen (14) days** of this Order.

**IT IS SO ORDERED** this 24th day of June, 2020.

**Leigh Martin May**
**United States District Judge**