IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARCIA SCOTT AND ISRAEL SCOTT (for themselves and as a representative of their minor child), | ) ) ) ) |
| Plaintiff, | ) CIVIL ACTION ) FILE NO. 1:19-cv-04330-LMM |
| v. | ) ) |
| SAFECO INSURANCE COMPANY OF INDIANA, A LIBERTY MUTUAL COMPANY, AND SHILAN PARHAM, | ) ) ) ) |
| Defendants. | ) |

_____

**ANSWER OF DEFENDANT SAFECO INSURANCE COMPANY
OF INDIANA TO PLAINTIFFS' FIRST AMENDED COMPLAINT [Doc. 87]**

Comes now Safeco Insurance Company of Indiana ("Safeco") by and through undersigned counsel, within the time limit allowed by law, and states their Answer to Plaintiffs' First Amended Complaint [Doc. 87] ("First Amended Complaint").

Safeco answers the Plaintiffs' First Amended Complaint as follows:

**PARTIES AND JURISDICTION**

1.

Safeco is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 1 of the First Amended Complaint and such allegations are deemed denied.

2.

In responding to the allegations contained in paragraph 2 of the First Amended Complaint, Safeco admits only that it is an insurance company organized under the laws of the State of Indiana, with its principal place of business in Massachusetts, and that it is registered to transact business in the State of Georgia. Safeco further admits only that it may be served with summons and complaint by service on its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092 and that it is subject to the jurisdiction of this Court. Safeco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the First Amended Complaint and such allegations are deemed denied.

3.

Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the First Amended Complaint and such allegations are deemed denied.

## BACKGROUND

4.

Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the First Amended Complaint and such allegations are deemed denied.

5.

In responding to the allegations contained in paragraph 5 of the First Amended Complaint, Safeco admits only that Safeco Insurance Company of Indiana issued policy number F3254747 (the "Policy") to named insureds, Marcia Almeda Scott and Israel Muhammad Scott, with a policy period from July 9, 2017 to July 9, 2018, and that the Policy contains uninsured motorist added on to at-fault coverage with liability limits of $100,000 for each person and a maximum of $300,000 for each accident, subject to all terms, conditions, limitations and exclusions contained in the Policy. A certified copy of the Policy is attached to Safeco's initial Answer [Doc. 2] as "Exhibit A." Safeco denies the remaining allegations of Paragraph 5 of the First Amended Complaint.

6.

Safeco admits the allegations contained in paragraph 6 of the First Amended Complaint.

## COUNT 1
## NEGLIGENT FAILURE TO SETTLE

7.

Safeco incorporates by this reference its responses to the allegations contained in paragraphs 1 through 6 of the First Amended Complaint as if fully stated herein.

8.

Safeco denies the allegations contained in paragraph 8 of the First Amended Complaint.

9.

Safeco denies the allegations contained in paragraph 9 of the First Amended Complaint.

10.

Safeco denies the allegations contained in paragraph 10 of the First Amended Complaint.

## COUNT 2
## NEGLIGENT HIRING, TRAINING AND SUPERVISION

11.

Safeco incorporates by this reference its responses to the allegations contained in paragraphs 1 through 10 of the First Amended Complaint as if fully stated herein.

12.

Safeco denies the allegations contained in paragraph 12 of the First Amended Complaint.

13.

Safeco denies the allegations contained in paragraph 13 of the First Amended Complaint.

## COUNT 3
## NEGLIGENCE OF SHILAN PARHAM

14.

Safeco incorporates by this reference its responses to the allegations contained in paragraphs 1 through 13 of the First Amended Complaint as if fully stated herein.

15.

Safeco is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 15 of the First Amended Complaint and such allegations are deemed denied.

16.

Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the First Amended Complaint and such allegations are deemed denied.

17.

Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the First Amended Complaint and such allegations are deemed denied.

18.

Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the First Amended Complaint and such allegations are deemed denied.

In responding to the allegations contained in the final "WHEREFORE" paragraph of the First Amended Complaint [Doc. 87], Safeco states that said paragraph, including all numbered sub-paragraphs, contain no factual allegations, but only prayers for relief. Consequently, no response to this paragraph is necessary. To the extent a response may be deemed necessary, Safeco denies the

allegations contained in said paragraph, including all numbered sub-paragraphs, and denies that Plaintiffs are entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

Having fully responded to Plaintiffs' First Amended Complaint and without prejudice to the denials or other averments contained herein, Safeco asserts the following Affirmative Defenses pursuant to the Federal Rules of Civil Procedure:

## FIRST DEFENSE

Safeco denies all matters and things alleged in Plaintiffs' First Amended Complaint unless specifically admitted herein.

## SECOND DEFENSE

Plaintiffs' First Amended Complaint fails to state a claim against Safeco upon which relief can be granted.

## THIRD DEFENSE

Plaintiffs' First Amended Complaint fails to state a claim against Safeco for the recovery of attorney's fees or costs of litigation upon which relief can be granted.

## FOURTH DEFENSE

Plaintiffs have not sustained damage of the nature, and to the extent, claimed in the First Amended Complaint, and are precluded from the recovery they seek.

## FIFTH DEFENSE

Plaintiffs' claims for relief fail because no act or omission alleged in the First Amended Complaint against Safeco has been the legal or proximate cause of any of Plaintiffs' alleged damages.

## SIXTH DEFENSE

Plaintiffs have failed to join a necessary party pursuant to O.C.G.A. § 9-11-19.

## SEVENTH DEFENSE

Plaintiffs have not satisfied the conditions precedent contained in O.C.G.A. § 33-7-11 for seeking recovery of uninsured motorists benefits against Safeco in that Plaintiffs, individually and collectively, neither filed suit against the underlying tortfeasor, nor obtained a settlement or judgment against the underlying tortfeasor in excess of either the per person, or the per accident coverage limits for bodily injury provided in the tortfeasor's liability insurance policy.  Such failures bar Plaintiffs' claims as a matter of law.

## EIGHTH DEFENSE

Plaintiffs' claims for attorney's fees and costs are barred because the Plaintiffs have failed to comply with the requirements of O.C.G.A. § 33-7-11(j), which provides the exclusive remedy for the recovery of extra contractual

damages. For these reasons, Plaintiffs' claim for an award of attorney's fees and costs of litigation fails as a matter of law.

## NINTH DEFENSE

Plaintiffs' claims for attorney's fees and costs of litigation fail because Safeco's actions were not willful, were not intentional, were not unreasonable, were not in bad faith, were not stubbornly litigious, and Safeco has not caused the Plaintiffs unnecessary trouble and expense.

## TENTH DEFENSE

If the tortfeasor is not an uninsured or underinsured motorist in fact or in law, then Plaintiffs are not entitled to any recovery against Safeco.

## ELEVENTH DEFENSE

Plaintiffs seek to recover for purported injuries not caused by the incident complained of.

## TWELFTH DEFENSE

Because the Plaintiffs' First Amended Complaint asserts claims against Safeco which sound in tort, these claims are barred as a matter of law by the prohibition against an insured claimant asserting tort claims against their uninsured motorist insurance carrier for uninsured motorist benefits, which claim sounds in contract.

## THIRTEENTH DEFENSE

The Policy issued by Safeco to Plaintiffs, in Form SA-2890/GAEP 12/15, provides as follows:

**PART C – UNINSURED MOTORISTS COVERAGE**

**UNINSURED MOTORISTS COVERAGE – ADDED ON TO AT-FAULT LIABILITY LIMITS**

**INSURING AGREEMENT**

**A.** If the Declarations indicates that Uninsured Motorists Coverage – Added On to At-Fault Liability Limits applies, we will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of:

  **1. Bodily injury** sustained by an **insured** and caused by an accident; and

  **2. Property damage** caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle**.

We will pay under this coverage only after the limits of liability under any applicable liability bonds or policies have been exhausted by payment of judgments or settlements. However, if a settlement is made between an **insured** and the insurer of the **uninsured motor vehicle** for an amount that does not exhaust the limits of liability under any applicable liability bonds or policies, we will not pay under this coverage unless we previously consented to such settlement in writing.

> Any judgment for damages arising out of a suit brought without our written consent is not binding on us.
>
> \* \* \*
>
> **LIMIT OF LIABILITY**
>
> **A.** The limit of liability shown in the Declarations for "each person" for Uninsured Motorist Coverage – Added On to At-Fault Liability Limits is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one accident.
>
> Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for Uninsured Motorists Coverage – Added On to At-Fault Liability Limits is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident.
>
> The limit of Property Damage Liability shown in the Declarations for "each accident" for Uninsured Motorists Coverage – Added On to At-Fault Liability Limits is our maximum limit of liability for all **property damage** resulting from any one accident.
>
> This is the most we will pay regardless of the number of:
>
> **1. Insureds**;
>
> **2.** Claims made;
>
> **3.** Vehicles or premiums shown in the Declarations; or
>
> **4.** Vehicles involved in the accident.

* * *

**D**. We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

To the extent each Plaintiff, including the Plaintiffs' minor child, did not obtain a recovery of the per person limits of liability available under a policy of liability insurance issued to the tortfeasor; or the Plaintiffs, including their minor child, failed to recover the per accident limits of liability under said policy, the Plaintiffs have failed to exhaust the limits of liability available under the tortfeasor's liability coverage, which failure precludes recovery by the Plaintiffs of uninsured motorist benefits under the Policy. However, to the extent the Plaintiffs (and their minor child) are entitled to uninsured motorists benefits under the Policy, which is explicitly denied, any such benefits are subject to the terms, conditions, limitations and exclusions contained in these provisions of the Policy, and specifically including the limits of liability provided in the Policy ($100,000 each person / $300,000 each accident) for uninsured motorists coverage.

## FOURTEENTH DEFENSE

The Policy issued by Safeco to Plaintiffs, in Form SA-2890/GAEP 12/15, provides as follows:

**LEGAL ACTION AGAINST US**

**A.** No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part **A**, no legal action may be brought against us until:

   **1.** We agree in writing that the "insured" has an obligation to pay; or

   **2.** The amount of that obligation has been finally determined by judgment after trial.

**B.** No person or organization has any right under this policy to bring us into any action to determine the liability of an **insured**.

As described above, Plaintiffs have not fully complied with all the terms of the Policy, and such failure bars the instant action.

## **FIFTEENTH DEFENSE**

Plaintiffs' First Amended Complaint is barred, in whole or in substantial part, based upon the Court's June 24, 2020 Order [Doc. 82] dismissing the claims of Marcia and Israel Scott's against Shilan Parham, including their claims for medical expenses on behalf of their minor child. The minor has not sustained an uninsured injury and is not entitled to any recovery under the Safeco policy.

## **SIXTEENTH DEFENSE**

Inasmuch as the First Amended Complaint does not describe the alleged underlying claims or damages with sufficient particularity to enable Safeco to determine all of its legal, contractual and equitable rights, Safeco reserves the right to amend or supplement the averments of its Answer to assert any and all defenses ascertained through further investigation and discovery in this action.

**WHEREFORE**, Safeco respectfully demands judgment dismissing Plaintiffs' First Amended Complaint with prejudice and awarding it such other and further relief as the Court may deem just and proper, including the fees and costs incurred in defending this action.

Respectfully submitted this 28th day of July 2020.

**ISENBERG & HEWITT, P.C.**

/s/ Hilary W. Hunter
Hilary W. Hunter
Georgia Bar No.  742696
Brent J. Kaplan
Georgia Bar No. 406825
600 Embassy Row, Suite 150
Atlanta, GA  30328
(770) 351-4400 (T)
**Attorneys for Safeco Insurance Company of Indiana**

## **LOCAL RULE 7.1 CERTIFICATE**

The undersigned counsel hereby certifies that this pleading was prepared with one of the font and point selections approved by the Court in L.R. 5.1.C. Specifically, Times New Roman was used in 14 point.

                                    ISENBERG & HEWITT, PC

                                    /s/ Hilary W. Hunter
                                    Brent J. Kaplan
                                    Georgia Bar No. 406825
                                    Hilary W. Hunter
                                    Georgia Bar No.  742696
                                    600 Embassy Row, Suite 150
                                    Atlanta, GA  30328
                                    (770) 351-4400-(T)
                                    **Attorneys for Safeco Insurance Company of Indiana**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **MARCIA SCOTT AND ISRAEL SCOTT (for themselves and as a representative of their minor child),** | )<br>)<br>) |
| Plaintiff, | )<br>) CIVIL ACTION<br>) FILE NO. 1:19-cv-04330-LMM |
| v. | )<br>) |
| **SAFECO INSURANCE COMPANY OF INDIANA, A LIBERTY MUTUAL COMPANY, AND SHILAN PARHAM,** | )<br>)<br>)<br>) |
| Defendants. | ) |

_____

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 28, 2020 she electronically filed the **ANSWER OF DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA TO PLAINTIFFS' FIRST AMENDED COMPLAINT [Doc. 87]** with the United States District Court's electronic filing system and that she also served the foregoing by depositing a copy of same in the United States mail with sufficient postage affixed addressed to:

Jamillah Goza, Esq.
Law Office of J. Scott Goza, LLC
3775 Stagecoach Pass
Ellenwood, GA 30294

Matthew J. Hurst, Esq.
Marcia S. Freeman, Esq.

16

Waldon Adelman Castilla Heistand & Prout
900 Circle 75 Parkway, #1040
Atlanta, GA 30339

/s/ Hilary W. Hunter
Georgia Bar No.  742696
Isenberg & Hewitt, P.C.
600 Embassy Row, Suite 150
Atlanta, GA  30328;
(770) 351-4400 (T)
**Attorneys for Defendant**