# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **MARCIA SCOTT AND ISRAEL SCOTT (for themselves and as a representative of their minor child),**<br><br>**Plaintiff,**<br><br>vs.<br><br>**SAFECO INSURANCE COMPANY OF INDIANA, A LIBERTY MUTUAL COMPANY, AND SHILAN PARHAM**<br><br>**Defendant.** | **JURY TRIAL DEMANDED**<br><br>**CIVIL ACTION**<br>**FILE NO.: 1:19-cv-04330-LMM** |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO SAFECO INSURANCE COMPANY OF INDIANA'S MOTION FOR SUMMARY JUDGMENT ON MARCIA AND ISRAEL SCOTT'S INDIVIDUAL CLAIMS

### INTRODUCTION

Pursuant to O.C.G.A. § 9-3-33, Loss of Consortium claims have a four-year statute of limitations and Israel Scott's loss of consortium claim (Dkt. No. 87, Amended Complaint) stands as a matter of law. Georgia law allows a loss of consortium claim as a stand alone claim that may be brought although the two-year

statute of limitations on the underlying personal injury claim has expired. See Bohannon v. Futrell, 375 S.E.2d 637, 189 Ga.App. 340 (Ga. App. 1988).

Plaintiffs' claims against their insurer Safeco also stand as a matter of law because Safeco is negligent in its failure to settle and negligent in its hiring, training, and supervision. Safeco has negligently inserted policy language that is against public policy and has negligently refused to consent to a policy limits settlement with the liability carrier. Safeco's negligence involves issues of contract disputes that were raised in the joint preliminary report (Dkt. No. 97, p. 3, ¶ 2; p. 4, ¶2) and that were also raised in Safeco's answer (Dkt. No. 2, pg.8, 13th Defense). Plaintiff's have asserted claims for breach of contract within its claims for negligent failure to settle and negligent hiring, training and supervision.

For these reasons, Safeco is not entitled to summary judgment pursuant to Federal Rule of Civil Procedure 56, because genuine issues of material fact remain.

## MATERIAL FACTS

**A. The Motor Vehicle Accident**

This case arises from an automobile accident that occurred on August 31, 2017 when pregnant Mrs. Scott and her developing fetus H.S. were injured by the

at-fault driver, Shilan Parham, who rear ended them. (Dkt. No. 87 ¶4). Plaintiffs brought this lawsuit to seek recovery on the above referenced matter against their underinsured motorist insurer, Safeco Insurance Company of Indiana, A Liberty Mutual Company (Safeco) for negligent failure to settle claims and negligent hiring, training and supervision concerning the handling of policy-limits demands. (Dkt. No. 87 ¶7-13). Plaintiffs also seek to recover regarding developmental delays caused by the accident to their unborn child. (Dkt. No. 87 ¶4).

**B. The Safeco Policy**

Safeco issued policy number F3254747 to Plaintiffs covering July 9, 2017-July 9, 2018, that covers this accident. (Dkt. 103-5).

At issue is:

> PART C – UNINSURED MOTORISTS COVERAGE
> UNINSURED MOTORISTS COVERAGE — ADDED
> ON TO AT-FAULT LIABILITY LIMITS
>
> INSURING AGREEMENT
> A. If the Declarations indicates that Uninsured Motorists
> Coverage — Added On to At-Fault Liability Limits
> applies, we will pay damages which an insured is legally
> entitled to recover from the owner or operator of an
> uninsured motor vehicle because of:
>
> 1. Bodily injury sustained by that insured and caused by
> an accident; and
> 2. Property damage caused by an accident.

> The owner's or operator's liability for these damages
> must arise out of the ownership, maintenance or use of
> the uninsured motor vehicle.
>
> We will pay under this coverage only after the limits of
> liability under any applicable liability bonds or policies
> have been exhausted by payment of judgments or
> settlements. ***However, if a settlement is made between an
> insured and the insurer of the uninsured motor vehicle for
> an amount that does not exhaust the limits of liability
> under any applicable liability bonds or policies, we will
> not pay under this coverage unless we previously
> consented to such settlement in writing. Any judgment
> for damages arising out of suit brought without our
> written consent is not binding on us.***

(Dkt. 103-5, p. 41, part C (A) of policy; Dkt. No. 2, pg.8, Safeco's 13th Defense (emphasis added)).

## ARGUMENT AND CITATION OF AUTHORITY

A. **Because there are genuine disputes as to material facts, Safeco is not entitled to summary judgment as a matter of law.**

Federal Rule of Civil Procedure 56(a) states that "A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Because there are genuine disputes as to material facts, Safeco is not entitled to summary judgment as a matter of law.

B. **Israel Scott's Loss of Consortium Claim Against Safeco Stands because It was Not Dismissed.**

> "This court has also affirmed the trial court's grant of the UMC's motion to dismiss for failure to be served within the appropriate statute of limitation. Harris v. Allstate Ins. Co., 179 Ga.App. 343, 347 S.E.2d 368 (1986). The statute of limitation is two years for injuries to the person and four years for personal injury involving loss of consortium. OCGA § 9-3-33. Copies of the pleadings served on the UMCs in June and August 1987 were not timely insofar as the claims for personal injury from the February 1985 collision were concerned, but were "within the time allowed for service" insofar as the loss of consortium claims were concerned. OCGA § 9-3-33. Cf. Central of Ga. R. Co. v. Harbin, 132 Ga.App. 65, 207 S.E.2d 597 (1974). ***Therefore, the trial court did not err in dismissing the UMCs from the personal injury portions of the lawsuits but did err in dismissing the UMCs from the loss of consortium portions of the lawsuits.***"

Bohannon v. Futrell, 375 S.E.2d 637, 189 Ga.App. 340 (Ga. App. 1988) (emphasis added).

Israel Scott's Loss of Consortium claim has a four-year statute of limitation pursuant to O.C.G.A. § 9-3-33 and was not dismissed when his wife's underlying personal injury claim was dismissed due to an expiration of the two-year statute of limitation regarding personal injury claims. Similar to the facts in Bohannon, the two-year statute of limitation had expired regarding the personal injury portion of

5

the lawsuit and allowed dismissal of the personal injury portion of the lawsuit. However, the four-year statute of limitation has not expired on the loss of consortium portion of the lawsuit and is therefore not dismissed.

` Because genuine issues of material fact remain regarding Israel Scott's loss of consortium claim, Safeco is not entitled to summary judgment.

### C. Plaintiffs' Claims for Negligent Failure to Settle, and Negligent Hiring, Training and Supervision Stand as a Matter of Law

"OCGA § 33-7-11 affords the uninsured motorist provider the right to file defensive pleadings and take other necessary actions. In fact, Georgia law provides that the uninsured motorist provider can answer in its own name, become a party to the litigation, and contest issues of liability, damages and coverage." State Farm Fire & Cas. Ins. Co. v. Terry, 495 S.E.2d 66, 230 Ga.App. 12 (Ga. App. 1997).

Here, Safeco answered in its own name, became a party to the litigation and contested issues of liability, damages and coverage. Safeco raised the following policy language as its 13th defense:

> We will pay under this coverage only after the limits of liability under any applicable liability or bonds policies have been exhausted by payment of judgments or settlements. ***However, if a settlement is made between an insured and the insurer of the uninsured motor vehicle for an amount that does not exhaust the limits of liability***

> *under any applicable liability bonds or policies, we will not pay under this coverage unless we previously consented to such settlement in writing. Any judgment for damages arising out of a suit brought without our consent is not binding on us."*

(Dkt. 103-5, p. 41, part C (A) of policy; Dkt. No. 2, pg.8, Safeco's 13th Defense (emphasis added)).

"[T]he requirement of exhaustion is seen in the legislative scheme in OCGA [509 S.E.2d 43] § 33-24-41.1(a), and (d), which provide that, when multiple insurance carriers are involved, a claimant may settle with one for "the limits of [the] policy" and grant a limited release without compromising claims under any other policy of insurance."<u>Daniels v. Johnson, 509 S.E.2d 41, 270 Ga. 289 (Ga. 1998).</u>

Although not required pursuant to § 33-24-41.1(a), and (d), Plaintiffs have requested numerous times that Safeco consent to the policy limits settlement with the liability carrier, however, Safeco, refuses to provide this consent (Exhibit 2). Further, Safeco's policy language that it has raised as its 13th defense that ***"any judgment for damages arising out of a suit brought without our consent is not binding on us."*** (Dkt. 103-5, p. 41, part C (A) of policy; Dkt. No. 2, pg.8, Safeco's 13th Defense (emphasis added)) is against public policy.

"Under Georgia law, insurance companies are generally free to set the terms of their policies as they see fit so long as they do not violate the law or judicially cognizable public policy." Wade v. Allstate Fire & Cas. Co., 324 Ga.App. 491, 751 S.E.2d 153 (Ga. App. 2013).

Therefore, an issue of fact remains as to whether Safeco is attempting to dispute that any judgment arising out of this suit is binding upon it. This issue of fact must be resolved in order for Plaintiffs to make a relevant time limit demand including their O.C.G.A. § 33-7-11(j) time limit demand to Safeco.

> "It is clear that a plaintiff must obtain a judgment against the uninsured motorist before filing suit against an insurer for the bad faith penalty and attorney fees. However, it does not follow that a judgment against the uninsured motorist is a prerequisite for a demand against an insurer under this section. Rather, as we have previously noted, this section contemplates a pretrial demand against the insurer. This code section does not permit an insurer to wait until the insured obtains a judgment against the uninsured motorist before considering the merits of the claim…."Rather, an insurer is required to pay a valid claim within 60 days of its being made, and a valid claim may be [258 Ga. 841] made months and years before the plaintiff obtains a judgment against the uninsured motorist…"The insurer's bad faith, if any, in failing to pay, would be that involved in not paying within 60 days of the demand."
Lewis v. Cherokee Ins. Co., 375 S.E.2d 850, 258 Ga. 839 (Ga. 1989)"

By withholding consent of the policy limits settlement with the liability carrier, Safeco is essentially not consenting to this lawsuit. This is against public policy because this lawsuit must take place in order to obtain a judgment against Safeco but Safeco, in conflict with public policy and O.C.G.A § 33-24-41.1, has already determined that the judgment will not be binging upon it.

Genuine issues of fact exist concerning Safeco's policy language that is against public policy. These issues of fact are necessary in order for Plaintiff to make a relevant policy limits demand that is acceptable to their underinsured motorist carrier, Safeco. Because genuine issues of fact remain, Safeco is not entitled to Summary Judgment as a matter of law.

**CONCLUSION**

Plaintiffs' claims stand against defendant Safeco as a matter of law. Israel Scott's claim for loss of consortium with a four-year statute of limitation stands because it was not dismissed along with his wife's personal injury claim that was solely dismissed due to an expired two-year statute of limitations for personal injury claims. Plaintiffs' claims for negligent failure

to settle and negligent hiring, training and supervision stand because they contain contract claims that Safeco's policy language raised as its 13th defense in its answer is against public policy.

Plaintiffs request that this Court deny Safeco's Motion for Summary Judgment in its entirety.

Respectfully submitted, This ___7th___ day of January 2021.

**LAW OFFICE OF J. SCOTT GOZA, LLC**

By: ___/s/ Jamillah Goza___

Jamillah Goza
Georgia Bar No. 455213
Attorney for Plaintiffs

3775 Stagecoach Pass
Ellenwood, Georgia 30294
770-203-8513
Fax: 678-884-6437
jamillahgoza@yahoo.com

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1C. This brief has been prepared in Times New Roman font, 14 point.

                                                        By: /s/ Jamillah Goza
                                                        Jamillah Goza
                                                        Georgia Bar No. 455213
                                                        Attorney for Plaintiffs

3775 Stagecoach Pass
Ellenwood, Georgia 30294
770-203-8513
Fax: 678-884-6437
jamillahgoza@yahoo.com

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **MARCIA SCOTT AND ISRAEL SCOTT (for themselves and as a representative of their minor child),**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**SAFECO INSURANCE COMPANY OF INDIANA, A LIBERTY MUTUAL COMPANY, AND SHILAN PARHAM**<br><br>**Defendant.** | **JURY TRIAL DEMANDED**<br><br>**CIVIL ACTION**<br>**FILE NO.: 1:19-cv-04330-LMM** |

## CERTIFICATE OF SERVICE

This is to certify that on this 7th day of January 2020 I electronically filed the foregoing PLAINTIFFS' RESPONSE IN OPPOSITION TO SAFECO INSURANCE COMPANY OF INDIANA'S MOTION FPR SUMMARY JUDGMENT ON MARCIA AND ISRAEL SCOTT'S INDIVIDUAL CLAIMS

with the Clerk of Court using CM/ECF system, which will automatically send e-mail notification of such filing to the following:

Hilary W. Hunter, Esq.
Brent J. Kaplan, Esq.
600 Embassy Row, Suite 150
Atlanta, GA 30328

hilary@isenberg-hewitt.com
bjkaplan@isenberg-hewitt.com

Marcia S. Freeman, Esq.
Matthew Hurst, Esq.
Waldon Adelman Castilla Heistand & Prout
900 Circle 75 Parkway, #1040
Atlanta, GA 30339
mfreeman@wachp.com
mhurst@wachp.com

**LAW OFFICE OF J. SCOTT GOZA, LLC**
By:   /s/ Jamillah Goza
Jamillah Goza
Georgia Bar No. 455213
Attorney for Plaintiffs

3775 Stagecoach Pass
Ellenwood, Georgia 30294
770-203-8513
Fax: 678-884-6437
jamillahgoza@yahoo.com