IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARCIA SCOTT AND ISRAEL SCOTT (for themselves and as a representative of their minor child),<br><br>Plaintiffs,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF INDIANA, A LIBERTY MUTUAL COMPANY, AND SHILAN PARHAM,<br><br>Defendants. | CIVIL ACTION NO.<br>1:19-CV-04330-LMM |

_____

**SAFECO INSURANCE COMPANY OF INDIANA'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON MARCIA AND ISRAEL SCOTT'S INDIVIDUAL CLAIMS**

**INTRODUCTION**

Plaintiffs' Response in Opposition to Safeco Insurance Company of Indiana's Motion for Summary Judgment on Marcia and Israel Scott's individual claims ("Response") fails to establish the existence of a question of material fact which requires jury adjudication as to any of Plaintiffs' individual claims. (Doc. 108.) Specifically, and contrary to the requirements of L.R. 56.1B(2)(a), Plaintiffs did not respond to Safeco's Statement of Undisputed Material Facts for Which There is no Genuine Issue to be Tried (Doc. 103-2). In this circumstance this Court's Local

1

Rules establish that Safeco's statement of facts is undisputed. (LR NDGa. 56.1B(2). In turn, Plaintiffs provide no alternate statement of any facts which they contend are disputed. In the absence of disputed facts, the analysis focuses on Safeco's entitlement to judgment as a matter of law. Fed. R. Civ. P. 56 (a).

By Order dated June 24, 2020, the Court previously dismissed all individual claims for both Marcia Scott and Israel Scott against Defendant Parham, reserving only H.S.'s claim for pain and suffering. (Doc. 82.) That claim is subject to Safeco's corresponding motion for summary judgment as to H.S. (See Doc. 102.). The June 24, 2020 Order also required the Plaintiffs to "file a complete version of their Amended Complaint within fourteen (14) days." (Doc. 82 at pg. 11.) On July 6, 2020, the Plaintiffs did so. (Doc. 87.) Their First Amended Complaint, however, makes no allegations which support Israel Scott's purported loss of consortium. (Id.) For example, the First Amended Complaint does not allege that Israel Scott and Marcia Scott are married. (Id.) Further, they raise no allegations that Israel Scott suffered any type of injury, including that of loss of consortium, as a result of the underlying car accident with Parham.  (Id.)  The only mention of loss of consortium in the "complete version" of their Complaint is found in the prayer for recovery. (Doc 87). Because Marcia Scott's claims have been dismissed, and Israel Scott provides not even a cursory basis to support a loss of consortium claim.

In addition, Plaintiffs' Response provides no rebuttal to the case law which establishes that their negligence claims regarding Safeco's handling of their claim are impermissible under Georgia law. For these reasons, Safeco's motion for summary judgment is due to be granted.

## ARGUMENT AND CITATION OF AUTHORITY

### A. The record shows no evidence of a viable loss of consortium claim for Israel Scott.

While Plaintiffs are correct that a four year statute of limitations applies to Israel Scott's purported loss of consortium claim, that claim nevertheless fails because he does establish the necessary factual predicate for recovery. First, he does not actually assert a claim for loss of consortium in the First Amended Complaint. Second, he does not establish his standing/capacity to recover for loss of consortium, or that he actually sustained such damages. Then, he provides no evidence beyond mere allegation in the First Amended Complaint that Marcia Scott actually sustained any injuries in the car accident caused by Defendant Parham's negligence, a condition precedent for a loss of consortium claim.

Generally, a spouse is vested with a cause of action for the loss of consortium of their spouse. A loss of consortium claim "is based not upon injury to the body of the claimant but instead solely upon the claimant's property right arising out of the marriage relationship to the love, companionship and conjugal affection of the

spouse." Thompson v. Allstate Ins. Co., 285 Ga. 24, 26-27, 673 S.E. 2d 227, 230 (2009). It is a dependent cause of action, which is derivative of the injured spouse's right to recover. The law is well established that "[o]ne spouse's right of action for the loss of the other's society or consortium is a derivative one, stemming from the right of the other." Douberly v. Okefenokee Rural Elec. Membership Corp., 146 Ga. App. 568, 569, 246 S.E.2d 708, 709 (1978) (citation omitted). In other words, if a defendant is not liable for the injuries to the plaintiff (i.e. lack of causation), they are not liable for the spouse's loss of consortium. See Stapleton v. Palmore, 250 Ga. 259, 260, 297 S.E. 270, 272-273 (1982.)

In this case, because Israel Scott was not in the vehicle at the time of the accident involving his wife Marcia Scott and Defendant Shilam Parham, his only potential claim is for loss of consortium. "Rule 56(e) [] requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). See also, Johnson v. Am. Nat. Red Cross, 253 Ga. App. 587, 591, 569 S.E.2d 242, 247 (2002), aff'd sub nom. Johnson v. Am. Nat'l Red Cross, 276 Ga. 270, 578 S.E.2d 106 (2003) ("In order to maintain a cause of action for ordinary or professional negligence, a plaintiff must prove the following elements: (1) a legal duty to conform

4

to a standard of conduct; (2) a breach of this duty; (3) a causal connection between the conduct and the resulting injury; and (4) damage to the plaintiff.").

Here, the record is void of any testimony, including obstetric testimony, that Marcia Scott was even injured in the accident, let alone because of Defendant Parham. In other words, in response to Safeco's Motion for Summary Judgment, Plaintiffs did not present any evidence that Marcia Scott suffered any injuries as a result of the accident.

Second, *assuming arguendo*, Marcia Scott has a compensable claim, which Safeco denies, Israel Scott's failure to allege a valid separate cause of action for loss of consortium is fatal. (See Doc. 87 at 3-5) A claim for loss of consortium must be separately pled for a plaintiff to be allowed to present evidence of that claim and the resultant damages. Dunn v. McIntyre, 146 Ga. App. 362, 362, 246 S.E.2d 398, 399 (1978). "A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Atlanta Fiberglass USA, LLC v. KPI, Co., Ltd., 911 F. Supp. 2d 1247, 1253 (N.D. Ga. 2012).

Plaintiffs raise the following causes of action in their Amended Complaint: "Count 1: Defendant Safeco's Negligent Failure to Settle"; "Count 2: Defendant Safeco's Negligent Hiring, Training and Supervision"; and "Count 3: Negligence of

Shilan Parham." Israel Scott does not state that he was married to Marcia Scott at the time of the accident or that he suffered any loss of love, companionship or conjugal affection because of his wife's injuries arising out of Parham's negligence. (Doc. 87.) Rather, the only mention of loss of consortium in the Amended Complaint is in the "Wherefore" paragraph that states: "Loss of Consortium for Mr. Scott: $50,000.00." (Doc. 87, p. 6.) Both the face of the First Amended Complaint, as well as the Plaintiffs' Response to Safeco's Motion for Summary Judgment establish that they did not properly assert a claim for loss of consortium. (Doc. 87 and 108.)

Plaintiffs initially filed their Complaint on August 23, 2019. (Doc. 1, pp. 9-14 of 17.) Litigation has been pending for seventeen months. (Doc. 6, Doc. 85, Doc. 97, p. 12 of 18, ¶ 10.) Discovery is closed. The deadline for amendment of the pleadings has long since passed. The deadline for filing dispositive motions has also passed. At this stage of the litigation, Plaintiff cannot amend his complaint again to satisfy the deficiencies raised. (Doc. 97, pp. 8-9 of 18, ¶ 6.) Further, "[i]n accordance with LR 7.1C, the parties shall not be permitted to file supplemental briefs and materials, with the exception of a reply by the movant, except upon order of the court." N.D. Ga. R. 56.1. Therefore, Plaintiffs cannot cure this fatal dearth of evidence of injury to either Marcia or Israel Scott, individually – and this Court has

previously given Plaintiffs multiple opportunities to correct otherwise fatal errors. For all the reasons stated, Safeco's Motion for Summary Judgment as to Israel Scott's loss of consortium claim should be granted.

**B.   Plaintiffs have not established a legal basis for their impermissible claims for negligence as to Safeco.[1]**

   **1.   Plaintiffs' tort claim for negligent failure to settle is not allowed.**

As Safeco established in its initial brief, Georgia law does not generally permit tort claims against an insurer for negligent failure to settle arising out of an insurance contract. (Doc. 103 at 12-17.) Plaintiffs have failed to address, much less rebut, any of the authorities cited by Safeco on this issue. (Doc. 108, pp. 6-9.) It stands undisputed that Plaintiffs' alleged claim for failure to settle was pled as a "Negligent Failure to Settle." (Doc. 87 at 3-4.)  As Safeco has established, Georgia law precludes negligence claims against insurers simply for an alleged failure to pay without further injury.  Tate v. Aetna Cas. & Sur. Co., 149 Ga. App. 123, 124, 253 S.E.2d 775, 776 (1979).

   **2.   Plaintiffs failed to rebut Safeco's argument that Negligent Hiring, Training, and Supervision claims as to Safeco's adjuster fail as a matter of law.**

---

[1] This portion of the Reply is also briefed in Safeco's Reply Brief in Support of its Motion for Summary Judgment on Marcia and Israel Scott's Claims on Behalf of Minor Child H.S. because Plaintiffs raised identical arguments in both briefs.

In its initial Brief, Safeco also established that Georgia courts have consistently held that claims for negligent hiring, training and supervision against insurers arising out of the conduct of their adjusters and "the manner in which [the insurer] processed Plaintiff's claim for coverage under the Policy" are not permitted in the context present here, where an insured complains of the manner in which a claim has been adjusted. (Doc 103-1, pp. 16 – 17) (citing Tate v. Aetna Cas. & Sur. Co., 149 Ga. App. 123, 124, 253 S.E.2d 775, 77 (1979) and Armstead v. Allstate Prop. & Cas. Ins. Co., 1:14-CV-586-WSD, 2014 WL 6810727, at *10 (N.D. Ga. Dec. 3, 2014).) It is undisputed that Plaintiffs allege claims that sound in negligence. (Doc. 87, Amended Compl. ¶ 12.)

Plaintiffs' Response does not contest Safeco's argument and indeed does not even address their negligent hiring, training and supervision claims. Because Safeco's factual contentions are uncontested and its legal argument is unrebutted, the grant of Safeco's motion for summary judgment as to Plaintiffs' claims for negligence and for purported negligent hiring, training and supervision is warranted.

**3.    Plaintiffs' argument about consent to settle with the liability carrier is irrelevant.**

Instead of addressing the bases for Safeco's motion, Plaintiffs discuss the law regarding underinsured motorist insurers' consent to policy limits settlements. (Doc. 108, pp. 6-9.) Once again, this discussion is both legally irrelevant and factually

unsupported. Safeco agrees with Plaintiffs that "'OCGA § 33-7-11 affords the uninsured motorist provider the right to file defensive pleadings and take other necessary actions. In fact, Georgia law provides that the uninsured motorist provider can answer in its own name, become a party to the litigation, and contest issues of liability, damages and coverage.' State Farm Fire & Cas. Ins. Co. v. Terry, 495 S.E.2d 66, 230 Ga. App. 12 (Ga. App. 1997)." (Doc. 108, p. 6.) This premise bears no relevance to the case at hand, where Safeco is a named defendant and faces first party negligence claims.

Plaintiffs apparently misperceive that Terry, and other cases like it, contemplate that an uninsured motorist insurer can participate as a defendant as to "issues of liability, damages and coverage" that arise out of the conduct of the motorist/tortfeasor. See Terry at 72 ("At trial, a jury could find that [tortfeasor/motorist] Davis is not liable, thus entitling State Farm to judgment. On the other hand, a jury could find that Davis is liable, in which case State Farm would be liable to the extent of the judgment up to its policy limits.")

Continuing to avoid the actual controversy at issue – whether Plaintiffs can sustain a cause of action against Safeco for negligent failure to settle – Plaintiffs introduce another *non sequitur* based on Safeco's purported failure to consent to their policy limits settlement with the underlying liability insurer pursuant to

9

O.C.G.A. § 33-24-41.1. (Doc. 108, pp. 6-9.) Plaintiffs' then point to an affirmative defense regarding a policy provision which addresses settling with the liability carrier. Safeco's 13th defense states, in pertinent part:

> We will pay under this coverage only after the limits of liability under any applicable liability or bonds policies have been exhausted by payment of judgments or settlements. ***However, if a settlement is made between an insured and the insurer of the uninsured motor vehicle for an amount that does not exhaust the limits of liability under any applicable liability bonds or policies, we will not pay under this coverage unless we previously consented to such settlement in writing. Any judgment for damages arising out of a suit brought without our consent is not binding on us."***

(Doc. 89, p. 10 of 17.) (emphasis added.)

Plaintiffs argue that Safeco has purportedly failed to consent to a policy limits settlement with Parham's liability carrier and that this somehow creates a disputed issue of fact. (Doc. 108, pp. 7-9.) They argue: "[a]lthough not required pursuant to § 33-24-41.1(a) and (d), Plaintiffs have requested numerous times that Safeco consent to the policy limits settlement with the liability carrier, however, Safeco, refuses to provide this consent." (Doc. 108, p. 7.) This argument is inapposite and simply ignores the bases for Safeco's motion for summary judgment. As evidenced by the direct quotation and citation to the policy in their Response, Plaintiffs

10

establish more than they intend, for the quoted policy language only applies when policyholders settle a claim "for an amount that **does not exhaust the limits of liability** under any applicable liability bonds or policies." (Doc. 108, pp. 6-7.) Safeco has no duty, either in tort or in contract, to "approve" Plaintiffs' policy limits settlement with the tortfeasor's liability insurer. Paradoxically, Plaintiffs also argue, on the one hand, that Safeco's alleged negligence arises from its purported refusal to "consent to the policy limits settlement with the liability carrier" but later admits that such consent is "not required" by law. (Doc. 108, p. 7.) The issue of consent has no bearing on the fact that Georgia law precludes the Plaintiffs' tort claims against their insurer.

Finally, plaintiffs' "public policy" argument also fails. Put simply, there is no question of fact for jury resolution as to "public policy" related to the allegations of negligent failure to settle against Safeco because the law does not allow those claims in our circumstance. Plaintiffs cannot validly create a basis for avoiding summary judgment by raising unfounded arguments based on their misplaced view of public policy, or on inapplicable policy provisions and a corresponding affirmative defense.

## CONCLUSION

Plaintiffs have failed to rebut Safeco's factual contentions and legal argument that their claims for negligent failure to settle and negligent hiring, training and

retention are impermissible as a matter of law. Moreover, Plaintiffs provide no evidence that Israel Scott either has standing to assert, or has alleged or actually sustained injuries definitively caused by the accident with Defendant Parham. Safeco, therefore, respectfully moves this Court to grant its motion for summary judgment as to all their remaining claims against Safeco.

This 20th day of January 2021.

ISENBERG & HEWITT, P.C.

/s/ Hilary W. Hunter
Hilary W. Hunter
Georgia Bar No. 742696
Brent J. Kaplan
Georgia Bar No. 406825
600 Embassy Row, Suite 150
Atlanta, GA  30328
(770) 351-4400-Telephone
**Attorneys for Defendant Safeco Insurance Company of Indiana**

## **LOCAL RULE 7.1 CERTIFICATE**

The undersigned counsel hereby certifies that this pleading was prepared with one of the font and point selections approved by the Court in L.R. 5.1.C. Specifically, Times New Roman was used in 14 point.

                              ISENBERG & HEWITT, P.C.

                              /s/ Hilary W. Hunter
                              Hilary W. Hunter
                              Georgia Bar No. 742696
                              Brent J. Kaplan
                              Georgia Bar No. 406825
                              600 Embassy Row, Suite 150
                              Atlanta, GA  30328
                              (770) 351-4400-Telephone
                              **Attorneys for Defendant Safeco Insurance Company of Indiana**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **MARCIA SCOTT AND ISRAEL SCOTT (for themselves and as a representative of their minor child),** )<br>)<br>)<br>)<br>**Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**SAFECO INSURANCE COMPANY OF INDIANA, A LIBERTY MUTUAL COMPANY, AND SHILAN PARHAM,** )<br>)<br>)<br>)<br>**Defendants.** ) | **CIVIL ACTION NO.<br>1:19-CV-04330-LMM** |

_____

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed **Safeco Insurance Company of Indiana's Reply Brief in Support of Its Motion for Summary Judgment on Marcia and Israel Scott's Individual Claims** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to:

Jamillah Goza
Law Office of Jamillah Goza, LLC
3775 Stagecoach Pass
Ellenwood, GA 30294
jamillahgoza@yahoo.com

14

Matthew Hurst
Marcia Freeman
Waldon Adelman Castilla Heistand & Prout
900 Circle 75 Parkway, #1040
Atlanta, GA 30339
mfreeman@wachp.com
mhurst@wachp.com

This 20th day of January 2021.

                ISENBERG & HEWITT, P.C.

                /s/ Hilary W. Hunter
                Hilary W. Hunter
                Georgia Bar No. 742696
                Brent J. Kaplan
                Georgia Bar No. 406825
                600 Embassy Row, Suite 150
                Atlanta, GA  30328
                (770) 351-4400-Telephone
                **Attorneys for Defendant Safeco Insurance Company of Indiana**